**Charles JONES, Petitioner-Appellant,**

v.

**W.J. ESTELLE, Jr., Director, Texas Department of Corrections, Respondent-Appellee.**

**No. 82–2138 Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

March 11, 1983.

Rehearing En Banc Granted July 12, 1983.

Otha T. Carpenter, Houston, Tex., for petitioner-appellant.

Paula C. Offenhauser, Asst. Atty. Gen., Houston, Tex., for respondent-appellee.

Before RUBIN, JOHNSON and WILLIAMS, Circuit Judges.

PER CURIAM:

Appellant Charles Jones is serving a life sentence in the Texas prisons as an "habitual offender" following three convictions of burglary or attempted burglary. Since 1971, he has filed six habeas corpus petitions in the Texas state courts and three in the federal courts. His first federal habeas corpus petition was filed in January 1972, and his second in November 1974. It was not until two years later in December 1976, that his second federal habeas corpus application was denied on the merits, and eight months later this Court affirmed.

Jones' third federal habeas corpus petition, the one now before this Court, was filed on June 29, 1979. On April 10, 1980, the district court dismissed this petition for abuse of the writ under Rule 9(b), Rules Governing Sec. 2254 Cases. This Court reversed that decision in an unpublished opinion dated July 30, 1981. In the opinion, the panel found itself "unable to agree that a showing of such abuse was made out below." It, therefore, reversed and remanded for a full hearing on the issue of abuse of the writ.

The district court held the hearing on October 26, 1981. Based upon that hearing, the district court again dismissed the petition on the ground that under Rule 9(b) it abused the writ. Jones has now appealed that decision.

The pro se petition for habeas corpus which is the subject of this current decision and appeal is based upon fifteen alleged grounds. It is agreed that eight of them had been raised and considered earlier. It may be assumed they are no longer pending. The seven remaining grounds are new grounds raised since the second federal habeas corpus petition. These seven grounds were first raised in the state courts, and state remedies have been exhausted. The decision of the district court which is now under review found that the failure earlier to present the seven new grounds in the 1974 petition was "inexcusable". The court further found that Jones had had "ample opportunity" to avail himself of the federal claims here asserted. The court went on to say: "This Court finds that Petitioner had the knowledge and opportunity to present these claims in his second application, and his failure to do so was intentional."

The district court relied upon the fact that in Jones' second habeas corpus petition, although originally filed pro se, an attorney had been appointed, and he was represented by an attorney for well over a year before the district court decision in that earlier application.

The hearing on which these conclusions of the district court were based consisted entirely of the testimony of petitioner Jones himself. Jones, a black person who has only a fifth grade education, testified that the seven new grounds developed as he talked to other people in the penitentiary and heard about cases being decided. He denied having knowledge of the seven possible grounds at the time of the earlier federal petition.

■ The standard under which the contention that a petitioner has abused the writ is to be decided was set out by this Court in its earlier decision in this case:

Under the decision of this Court in *Paprskar v. Estelle*, 612 F.2d 1003 (5th Cir. 1980), abuse of the writ for failure to assert a ground for relief in a prior petition exists only where that failure was due to *inexcusable* neglect or *intentional* relinquishment. (emphasis in original).

■ We must hold that the conclusion of the district court upon remand that there was an abuse of the writ cannot stand. The evidence does not support it. There is a total lack of evidence in Jones' testimony to support the "intentional" withholding ground. The court's reliance upon "inexcusable" neglect is based solely upon the fact that this prisoner, with a low level of public education, can be charged with neglect in raising grounds in the second habeas corpus because he had an attorney. We are aware of no authority which forecloses a habeas corpus petition as abusing the writ on the sole ground that there was professional representation in an earlier habeas corpus petition. Such a conclusion could be justified with additional evidence such as a showing that all of the grounds claimed were obvious on their face or were commonly subject to habeas corpus petitions at the earlier time. But we find no such showing in this case. We conclude, therefore, that the district court's decision that the record establishes an abuse of the writ must be reversed.

We regret that the litigation involving this petition drags on. But finding an abuse of the writ not established, we must remand to the district court for a hearing on the merits. There was some indication

at the prior hearing that the district court was considering the issues on the merits. But the decision was based wholly upon abuse of the writ, so the merits have not been adjudicated. Of course, we make not the slightest indication one way or the other as to whether any of the seven new claims have merit.

REVERSED AND REMANDED.